[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12656
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:91-cr-00839-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTURO MORALES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 2, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Arturo Morales appeals his 33-month sentence, imposed upon the

revocation of his supervised release. On appeal, Morales argues that his sentence

was procedurally unreasonable because the district court did not adequately address his arguments at sentencing or take into consideration the 18 U.S.C. § 3553(a) factors. Morales also argues that his sentence was substantively unreasonable because it was greater than necessary to meet the § 3553(a) sentencing goals.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). Under the abuse of discretion standard, the sentence will be affirmed "unless we find that the district court has made a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning the district court properly calculated the guidelines range, treated the guidelines range as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and "adequately explain[ed] the chosen sentence." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. When revoking a defendant's term of supervised release, 18 U.S.C. § 3583(e) instructs courts to consider certain 18 U.S.C. § 3553(a) sentencing factors in determining an appropriate sentence. Specifically,

sentencing courts must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need to adequately deter criminal conduct; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with educational or vocational training, medical care, or other correctional treatment"; (5) the applicable sentencing range; (6) any pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) "the need to provide restitution to any victims." *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7), 3583(e).

At the time of sentencing, the court shall state its reasons for imposing the particular sentence. 18 U.S.C. § 3553(c). However, the court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, it is within the district court's "own professional judgment" to determine the detail necessary in its statement of reasons. *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007). It may be clear from the circumstances of the case that the district court rests its "decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional

mandates) in the typical case, and that the [court] has found that the case before [it] is typical." *Id.*, 551 U.S. at 357, 127 S. Ct. at 2468. Thus, the court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788. The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, protect the public from further criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.*

4

§ 3553(a)(1), (a)(3)-(7).  We expect a sentence within the guidelines range to be reasonable.  *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010).  The party challenging the sentence has the burden of establishing that the sentence was unreasonable.  *Talley*, 431 F.3d at 788.

Upon review of the record and consideration of the parties' briefs, we affirm.  First, Morales's sentence was procedurally reasonable.  The district court correctly calculated the guidelines range, gave the parties the opportunity to address the court, considered the parties' statements and the violation report, and determined that a sentence within the guidelines range was appropriate.  Morales argues that the district court erred by not considering his principle arguments.  However, Morales himself chose not to make any arguments at his revocation, and his attorney merely asked for a sentence at the low end of the guidelines range because Morales was serving a life sentence in Alabama.  Immediately after Morales's attorney made that request, the court stated that it had "carefully considered the statements of all parties."  Therefore, the record indicates that the court did consider Morales's principle arguments, and Morales's sentence was procedurally reasonable.

Morales's sentence was also substantively reasonable in light of the record and the § 3553(a) factors.  The court's 33-month sentence was within the

5

guidelines range, and we ordinarily expect such a sentence to be reasonable. *See Alfaro-Moncada*, 607 F.3d at 735. The sentence also met the goals encompassed within 18 U.S.C. § 3553(a). Morales served twelve years in prison after he pleaded guilty to nine drug-related counts in this case, and, within a year of his release, Morales had already violated his supervised release and trafficked cocaine and marijuana. He has shown a disregard for the laws of the United States, and his guidelines sentence was necessary to promote respect for the law, provide just punishment, and deter him from future criminal activity. Furthermore, Morales has not pointed to any facts to support his claim that his sentence was substantively unreasonable. Therefore, the district court's sentence was substantively reasonable. Accordingly, we affirm Morales's 33-month sentence. Morales's request for oral argument is denied.

**AFFIRMED.**